MARSHALL v. KENK.

1. CONTRACTS—ASSIGNMENT OF INTEREST IN LAND—WHERE ASSIGN-
MENT MADE PURSUANT TO WRITTEN CONTRACT BOTH INSTRUMENTS.
READ TOGETHER.
Where an assignment of a vendee's interest in land, al-
though absolute on its face, was made pursuant to a written
contract, both instruments must be read together.

2. TRUSTS—EQUITY—JURISDICTION.
Where an assignment of a vendee's interest in land, ab-
solute upon its face, was made pursuant to a written con-
tract wherein it was provided that each party should
advance money to complete the payments, if necessary,
after money to be received in condemnation proceedings
had been applied thereon, and that when the land was
sold the proceeds should be divided equally between them
after the advancements made by each had been deducted,
a trust relationship was contemplated, which a court of
equity has jurisdiction to enforce.

3. FRAUDS, STATUTE OF—INTEREST IN LAND.
Under 3 Comp. Laws 1915, § 11975, a vendee's interest in
land may be released only by some written instrument.

4. SAME—RELEASE HAVING REFERENCE TO INTEREST IN LAND RATHER
THAN TO PROCEEDS MERELY REQUIRED TO BE IN WRITING.
A contract providing that the parties were each to con-
tribute to the purchase of land, that title was to be taken
in the name of one of them, and that after the land was
sold and the advancements made by each had been deducted
the proceeds were to be divided equally between them,
related to an interest in land rather than to the proceeds
merely, and, therefore, a release of his interest by one
of the parties comes within the statute (3 Comp. Laws
1915, § 11975) requiring such contracts to be in writing.

5. TRUSTS—ABSOLUTE ASSIGNMENT CREATES NO TRUST RELATION-
SHIP.
Where the assignee of a vendee's interest in land made

---

¹Contracts, 13 C. J. § 487; ²Trusts, 39 Cyc. pp. 60, 588; ³Frauds,
Statute of, 27 C. J. § 164; 19 L. R. A. (N. S.) 879; 2 R. C. L. 616;
1 R. C. L. Supp. 591; 6 R. C. L. Supp. 106; ⁵Trusts, 39 Cyc. p. 61.

the initial payment thereon, an assignment to him was absolute on its face, and there is nothing to show that the assignor retained any interest therein, no trust relationship was created, and, therefore, the administratrix of the assignor's estate is not entitled to assert an interest therein.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 17, 1928. (Docket No. 142.) Decided April 3, 1928.

Bill by Margaret Marshall, administratrix of the estate of William H. Marshall, deceased, against Paul F. Kenk to determine the rights of the parties in real estate, for partition, and for an accounting. From a decree for plaintiff, defendant appeals. Affirmed in part and reversed in part.

*Schmalzriedt, Frye & Granse,* for plaintiff.

*Frank L. Blackman,* for defendant.

McDONALD, J. This bill was filed for a determination of the rights of the parties in certain real estate, for a partition and sale thereof, and for an accounting. On November 25, 1925, William H. Marshall was the purchaser on land contract from the Hendrie Company, Ltd., of lots 47, 48, 49, and 50 of Hendrie's private plat of Connors and Mack Avenue subdivision in the city of Detroit, Michigan. The purchase price was $7,600, upon which there was paid $760 on execution of the contract. The balance was to be paid in equal quarterly installments of $228. Mr. Marshall was unable to meet his payments. It is claimed that this was due to the fact that a sale and development of the property was retarded by condemnation proceedings brought by the city of Detroit. To secure financial assistance, he entered into a written agreement with the defendant, Kenk, pursuant to which he

assigned the land contract to Kenk.    The purpose of the assignment is stated in the agreement as follows:

"Now, therefore, the said party of the first part being desirous of bringing the said contract down to date, said first party offers to assign said contract to the said party of the second part if he will advance the necessary money in order that said contract may be paid to date and said party of the second part agrees so to do."

In pursuance of this agreement, defendant paid $2,327.76 to the Hendrie Company, Ltd., which brought the contract up to date, but left an unpaid balance of $5,244 on the principal.    The agreement provided that this balance should be paid out of the money received from the city on the condemnation proceedings. If the amount received was not sufficient for that purpose, Marshall and Kenk were each to advance an equal amount to make up the deficit and secure a deed from the vendor.    Subsequently, lots 52 and 53 of the same subdivision were purchased by Mr. Marshall on land contracts which were also assigned to defendant, Kenk.    No written agreement accompanied these assignments, but the plaintiff claims that they were made for the same purpose as the assignment of the contract for the purchase of lots 47, 48, 49, and 50; and that all of the transactions between the parties were in pursuance of the same general plan to acquire a contiguous strip of frontage on Mack avenue, the title to which was to temporarily rest in the defendant.    Mr. Marshall died before any of the various contracts were fully paid.    His administratrix asked Kenk for an accounting and for a division of the real estate.    Mr. Kenk took the position that the assignments of the contracts to him were absolute and left Mr. Marshall no interest in the real estate; that the only interest Marshall had was the right to share equally in the proceeds received from the condemna-

tion proceedings, and that there was nothing due his estate from that source because of a settlement which they had on July 13, 1926, when Mr. Marshall was paid $500, which he accepted as payment in full. The plaintiff then filed this bill asking for a division of the real estate and an accounting on the theory that the assignment of the contracts was not intended to be absolute, but that defendant, Kenk, was to hold the property in trust for Mr. Marshall and himself until such time as it could be sold.

On the hearing, the circuit judge held that Mr. Marshall had not parted with all of his interest in the property by his various assignments to Mr. Kenk, and that at the time of his death his interest was that of a tenant in common with Kenk.   He made an accounting, determined the interest of each of the parties, and, as a physical division of the property could not fairly be made, he directed a sale thereof and the payment of the proceeds equally to the parties after reimbursing them for advances made by each.   The defendant has appealed.

It is first contended by the defendant that equity has no jurisdiction in this case; that the plaintiff has mistaken her remedy; that if she has any action it is an action in assumpsit to recover her share of the proceeds from condemnation proceedings involving the property.

This contention is without merit.   Mr. Marshall as vendee in a land contract was the equitable owner of the real estate described therein.   He entered into an agreement with Mr. Kenk by which Kenk was to advance sufficient money to bring the payments on the contract up to date and to take an assignment thereof.   On its face, the assignment seems to bear out the defendant's claim that it was an absolute transfer of Mr. Marshall's entire interest in the property.   But it was made pursuant to the written agree-

ment.    It was part of the same transaction.    Both
instruments must be read together.    So reading them,
it appears that the assignment was absolute only to
the extent of the interest which Kenk was entitled to
by reason of his investment.    It was not absolute as
to Marshall's interest, which, under the assignment,
Kenk held in trust for him.    The agreement con-
templated that a considerable sum of money would be
received from the city as a result of pending condemna-
tion. proceedings.    There was in fact $6,000 sub-
sequently received from that source.    The agreement
provided that this money should be applied in com-
pleting the payments on the contract so that a deed
could be obtained.    It was expressly provided:

"And in case the amount is not sufficient to obtain
the deed above named, then and in that case the parties
shall advance equally the amount required to obtain
said deed."

If after the assignment Marshall had no interest in
the property, why was it agreed that he should ad-
vance an equal amount with Kenk to obtain the deed?
The agreement also contemplated with reasonable
certainty that there would be a considerable portion
of the four lots left after the city had taken what it
required to widen Mack avenue, and so it was pro-
vided that when this was sold the proceeds should be
divided equally between the parties after the advance-
ments made by each had been deducted.    In other
words, subject to their advancements, each party had
a half interest in the land though the title to the whole
rested in Mr. Kenk.    Both parties contributed to the
purchase price.    After the assignment, Mr. Kenk
handled the property for the benefit of Mr. Marshall
and himself.    It was a trust relation contemplated
by their agreement.    A court of equity is the proper
forum in which to enforce it.

It is next contended by the defendant that the agree-

ment between the parties was completed when the city had paid the award in the condemnation proceedings and that at that time he settled with Marshall for $500; that Marshall accepted the $500 as payment in full. This alleged settlement agreement was not reduced to writing and there was no written release of Marshall's interest. As his interest was an interest in real estate, it could only be released by some written instrument. The trial court correctly so held.

Section 11975, 3 Comp. Laws 1915, provides:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing."

In respect to the interest created by the agreement between the parties, the facts already referred to distinguish this case from *Carr* v. *Leavitt*, 54 Mich. 540, cited and relied on by the defendant. In that case, under an oral agreement, the plaintiff was merely acting as an agent for the defendant in negotiating for the purchase of certain real estate. The defendant contributed all of the purchase price. The plaintiff contributed his services for which he was to receive, not an interest in the land, but a part of the profits from its sale. The court said:

"But the plaintiff was to be neither purchaser nor seller, and the contract did not contemplate that in any contingency an interest in the land was to be conveyed to or vested in him. It contemplated only that in a certain event the plaintiff should receive a share of the moneys that a sale of the land should bring. His interest was therefore in these moneys and not in the land itself."

It was therefore held that the oral contract between the parties was not "for the sale of any lands or any interest in lands" within the meaning of the statute of frauds and was valid though not in writing.    In the instant case, the parties were contracting as principals.    Both contributed to the purchase price.    Mr. Marshall was the owner of a real estate interest which he desired to convey to Mr. Kenk.    The contract related to this interest and not to a distribution of the proceeds from the sale of lands.    It contemplated the transfer of the ownership in lands, and therefore came within the statute which requires such contracts to be in writing.

The agreement which we have been discussing refers only to lots 47 to 50 inclusive.    As to them, the decree of the court is fully sustained by the evidence, and should be affirmed.

As to lots 52 and 53 the situation is different.    It appears that Mr. Marshall bought them on contract, but Mr. Kenk made the initial payments and took absolute assignments of the contracts.    If Mr. Marshall retained any interest or was merely to share in the profits, the record does not show it.    There was evidently no written agreement as to their respective interests.    Mr. Marshall is dead and Mr. Kenk is prohibited by statute from testifying.    The plaintiff has not been able to establish by other evidence that Mr. Marshall retained any interest in these lots.    As to them, the decree of the trial court is not justified by the evidence, and should be reversed.

The court made a correct accounting between the parties as to lots 47 to 50 inclusive, but the defendant claims that since the hearing and since the decree he has been compelled to make payments on the property.    Such payments should be credited to the defendant in the decree to be entered in this court.

In respect to the plaintiff's interest in lots 47 to 50

inclusive, the decree is affirmed.    As to her interest in lots 52 and 53, it is reversed.    The defendant will have costs.

North, Fellows, Wiest, Clark, and Sharpe, JJ., concurred.

The late Chief Justice Flannigan did not sit.

The late Justice Bird took no part in this decision.