SCHULTZ v. SILVER.

1. Deeds—Possession—Presumption of Acceptance.
    Grantee in whose possession a deed is found over seven years after its execution is presumed to have accepted the deed.

2. Husband and Wife—Estates by Entireties—Conveyance.
    Where land is held by the entireties neither the husband nor wife can alienate or encumber the title as against the other.

3. Frauds, Statute of—Land Contract.
    The statute of frauds requires every contract for the sale of lands to be in writing and signed by the party making the sale (3 Comp. Laws 1929, § 13413).

4. Vendor and Purchaser—Interest of Purchaser—Statute of Frauds.
    The interest of purchasers under a land contract is such as could not be surrendered by parol, as such a contract is required to be in writing by the statute of frauds (3 Comp. Laws 1929, § 13413).

5. Same—Attempted Parol Modification of Contract.
    Where plaintiff husband and wife were named as purchasers under land contract, the husband's attempted parol modification of the contract by acceptance of deed for less land than the contract called for was void as to all parties (3 Comp. Laws 1929, § 13413).

---

References for Points in Headnotes

[1, 6] 16 Am. Jur., Deeds, §§ 154, 389–391.
[2] 26 Am. Jur., Husband and Wife, § 81.
[3] 49 Am. Jur., Statute of Frauds, § 168.
[4] 49 Am. Jur., Statute of Frauds, § 311.
[4] Applicability of statute of frauds to agreement to rescind contract for sale of land. 38 A.L.R. 294.
[5] 49 Am. Jur., Statute of Frauds, §§ 301–307; 55 Am. Jur., Vendor and Purchaser, §§ 136, 329.
[5] Effect of the statute of frauds upon the right to modify, by subsequent parol agreement, a written contract required by the statute to be in writing. 17 A.L.R. 10, supplemented in 29 A.L.R. 1095, 80 A.L.R. 539, and 118 A.L.R. 1511.
[5] Deed as superseding, or merging, provisions of antecedent contract imposing obligations upon the vendor. 84 A.L.R. 1008.
[7] 16 Am. Jur., Deeds, § 111.
[8] 16 Am. Jur., Deeds, §§ 111, 382, 384.
[8] Presumption of delivery where deed is given by grantor to third person or comes into possession of grantee through third person. 124 A.L.R. 462.

6. DEEDS—DELIVERY—SILENCE OF GRANTEE.

Acceptance of delivery of deed of land that was of a different description of land than land contract called for was not effected by mere silence of grantees over a long period of time.

7. SAME—DELIVERY—TITLE.

There must be delivery of a deed in order to pass title.

8. SAME—DELIVERY—PRESUMPTIONS—REBUTTAL.

While delivery of a deed will be presumed from its possession by the grantee or from fact of its recording, such presumption is rebuttable, and, where assailed by adverse evidence, the burden of proof is on the person relying on the deed.

9. SPECIFIC PERFORMANCE—LAND CONTRACT—DELIVERY OF DEED.

In land contract purchasers' suit for specific performance, where plaintiffs presented unrebutted evidence that showed they did not know of existence of deed for about seven years after defendant had executed it, notwithstanding fact that deeds were then in plaintiffs' possession, finding is required on *de novo* review that there was no competent proof of delivery of the deed by defendant, no acceptance of the same by plaintiffs, and that plaintiffs were not prevented from raising such question.

10. SAME—DISCRETION OF COURT.

While the relief by way of specific performance rests largely in the discretion of the court, that discretion is a judicial one, and where by the proofs a proper case for such relief is made out, the court is required to grant it and may not arbitrarily refuse it.

Appeal from Berrien; Westin (Edward A.), J. Submitted October 5, 1948. (Docket No. 10, Calendar No. 44,093.) Decided January 3, 1949.

Bill by Edward Schultz and wife against Agnes E. Silver for specific performance of contract to sell land. Decree for defendant. Plaintiffs appeal. Reversed and decree entered for plaintiffs.

*Russell J. Taylor,* for plaintiffs.

SHARPE, C. J. This is a bill for specific performance of a land contract wherein plaintiffs, Edward

Schultz and Lydia Schultz, husband and wife, are the purchasers and defendant, Agnes E. Silver, is the seller.

It appears that the parties entered into a contract for the sale of an 18-acre parcel of land in Watervliet township, Berrien county, Michigan, on March 12, 1938. The legal description of the land and right of way reads as follows:

"The north 20 acres of the southeast quarter of section 27, town 3 south, range 17 west, in Watervliet township, Berrien county, Michigan, except the east 2 acres. The party of the first part agrees to allow the parties of the second part to move a barn which now stands on the said above-described 2 acres to their own property and also allow the second parties the use of a drive to the main highway, said driveway now being situated along the north side of the said 2 acres."

It appears that on or about February 28, 1939, plaintiff Edward Schultz and defendant Silver met at the bank at Watervliet together with two representatives of the Berrien county road commission in order to take care of the balance due on the land contract and to complete the sale by plaintiffs to the Berrien county road commission of a gravel pit on the above described property. The road commission had previously on the same date obtained from plaintiffs at their home a deed to the gravel pit as well as a right of way across plaintiffs' 18-acre tract of land. It also appears that Edward Schultz is unable to read or write, except his name, and did not remain at the bank during the entire proceedings relating to the transfer of the property. It also appears that defendant would not sign the deed unless the following was inserted therein:

"The above described 2 acres shall include the first row of cherry trees, that includes three large

sweet cherry trees, the description may include a fraction more than two acres."

In 1946 the plaintiffs and defendant became involved in a dispute over plaintiffs' chickens and defendant proceeded to have a survey made of the property in order to determine where a fence should be erected between the two parcels of land. The survey was made and plaintiffs proceeded to erect a fence on the line marked out by the surveyor. During the construction of the fence, plaintiff Edward Schultz was informed by defendant and a Mr. Monroe of the Watervliet bank that his deed did not convey to him the full 18 acres that he had purchased. Plaintiff Edward Schultz informed the parties that he had no deed of the premises, but upon being advised that he had a deed, both plaintiffs conducted a search and subsequently found a deed executed by defendant which contained the so-called "cherry tree" reservation.

Plaintiffs thereupon demanded of defendant a deed containing the same description as is in the land contract. Defendant refused to execute the requested deed whereupon plaintiffs began the instant suit for specific performance of the land contract which would convey to them the full 18 acres. Defendant filed an answer and cross bill in which she sought an injunction against plaintiffs from trespassing upon the disputed premises. Defendant also claimed damages in the amount of $100 for cherries picked and sold by plaintiff Edward Schultz. The cause came on for trial and the trial court held that plaintiffs were guilty of trespass and awarded defendant a judgment of $59 for cherries picked and sold.

The trial court filed an opinion in which he said:

"Having seen and heard the parties and their witnesses, and being impressed by the testimony of

Miss Dyar who testified that at the time of the consummation of the transaction in the office of the bank the defendant refused to execute the deed to the plaintiffs without the addition of the clause relative to the cherry trees and that plaintiff Schultz assented thereto, and bearing in mind that both plaintiffs indorsed the road commission's check given upon the closing of the transaction, and further bearing in mind that for the next seven and a half or more years the plaintiffs raised no question about the sufficiency of the deed although it must be presumed to have been in their possession during all of that time, plaintiffs having 'discovered' it among some papers in their attic at the end of that time, and further bearing in mind that plaintiffs suffered defendant to take the fruit from the cherry trees in question, without objection and without license, during the same period of time, this court cannot but conclude that the plaintiffs accepted the deed of February 28, 1939, as compliance with the terms of the land contract by the defendant, as respects the quantum of the land to be conveyed."

Plaintiff's appeal and urge that having fully performed the contract by the payment of all money due thereon, they are entitled to a deed which conveys to them the exact property described in the land contract.

Defendant has not filed a brief in this cause, but in her answer to plaintiffs' bill of complaint she urges that plaintiffs accepted the deed upon the date of its execution and acknowledged its delivery by silence over a long period of time.

In coming to a decision in this matter we have in mind that there is a presumption that plaintiffs received and accepted the deed inasmuch as it was discovered in their possession approximately seven and a half years after it was executed; that plaintiffs offered evidence tending to show that plaintiff Edward Schultz did not know of its existence until it

was discovered in 1946; and that the reservation put into the deed was not authorized or accepted by Lydia Schultz either orally or in writing. It also appears that the land contract involved in this case was executed March 12, 1938, between Agnes E. Silver, as party of the first part, and Edward Schultz and Lydia Schultz, husband and wife, parties of the second part. In view of the above it becomes of importance to determine the nature of the estate created by the land contract.

In *Auditor General* v. *Fisher,* 84 Mich. 128, Thayer and wife were residents upon land which they held under contract which ran to them jointly. The contract ran to George W. Thayer, Jr., and Jessie Thayer. Jessie Thayer was the wife of George W. Thayer. It was claimed that inasmuch as the contract did not show upon its face that Jessie was the wife of George W. Thayer, Jr., and that fact must be shown outside the deed and by oral evidence, their estate in the land was as tenants in common. The court there said:

"If the estate of *both* was created at the *same time* in *one* instrument, and they were at the time *in fact* husband and wife, their interest in the land was an entirety, and nothing that one could do would bind the other as to such interest."

See, also, *Zeigen* v. *Rosier,* 200 Mich. 328.

We have often said that where land is held by the entireties neither husband nor wife can alienate or encumber the title as against the other. See *Jacobs* v. *Miller,* 50 Mich. 119; *Naylor* v. *Minock,* 96 Mich. 182 (35 Am. St. Rep. 595); *Webber* v. *Webber,* 217 Mich. 178.

Assuming that plaintiff Edward Schultz authorized a modification of the contract to the effect that plaintiffs would receive a less amount of land than the contract called for, we are confronted with the question of the authority of Edward Schultz to

make such a modification. In coming to our conclusion on this issue, we have in mind that the land contract is required to be in writing by the statute of frauds.

In *Abell* v. *Munson*, 18 Mich. 306 (100 Am. Dec. 165), a case involving a land contract, we said:

"The statute of frauds requires every contract for the sale of lands to be in writing and signed by the party making the sale: 2 Comp. Laws 1857, § 3179.* The rule prohibits any enforcement of parol contracts; and while written contracts, which would have been lawful if unwritten, may be modified by parol subsequently in many cases, yet this cannot be done where the law requires the agreement to be in writing."

In *Grunow* v. *Salter*, 118 Mich. 148, we said:

"The interest of defendants as contract purchasers was such an interest in the land as could not be surrendered by parol."

The section of the statute of frauds with which we are concerned is 3 Comp. Laws 1929, § 13413* (Stat. Ann. § 26.908). It is to be noted that a similar provision was in effect in 1867 when the alleged verbal agreement in the *Abell Case, supra,* was made. Other citations bearing upon this issue may be found in 29 A. L. R. 1095; *Beld* v. *Darst,* 146 Mich. 143; *Zannis* v. *Freud Hotel Co.,* 256 Mich. 578 (80 A. L. R. 534); *Wardell* v. *Williams,* 62 Mich. 50 (4 Am. St. Rep. 814); *Hallett* v. *Gordon,* 122 Mich. 567; *Smith* v. *Mathis,* 174 Mich. 262; *Marshall* v. *Kenk,* 242 Mich. 301.

The conclusion is inescapable that the attempted parol modification of . the contract by Edward Schultz was void as to all parties.

We are not in accord with defendant's theory that plaintiffs accepted delivery of the deed by silence over a long period of time.

. * 3 Comp. Laws 1948, § 566.108.—REPORTER.

It is an accepted principle of law that there must be delivery of a deed in order to pass title. See *Noakes* v. *Noakes,* 290 Mich. 231. There is a presumption that plaintiffs received and accepted the deed inasmuch as it was discovered in their possession in 1946, approximately seven years after it was executed.

In *Collins* v. *LaMotte,* 244 Mich. 504, we said:

"Delivery of a deed will be presumed from its possession by the grantee   *   *   *   or from the fact that the deed has been recorded,   *   *   *   even though it be recorded after grantor's death.   *   *   * The presumption is rebuttable, and, where assailed by adverse evidence, the burden of proof is ordinarily on the person relying on the deed."

In the case at bar, plaintiffs offered evidence to show that they did not know of the existence of the deed until it was discovered in 1946. The evidence offered by plaintiffs was not rebutted in any manner. We hear chancery cases *de novo* and conclude from the evidence contained in the record that there was no competent proof of delivery of the deed by defendant nor acceptance of the same by plaintiffs, nor are we able to find any circumstances that would prevent plaintiffs from raising this question.

In view of these facts, plaintiffs are entitled to their rights as enumerated in the land contract.

In *Gregor* v. *Olde,* 218 Mich. 187, we said:

"While it is true   *   *   *   that the relief by specific performance rests largely in the discretion of the court, that discretion is a judicial one, and where by the proofs a proper case for such relief is made out, the court is required to grant it and may not arbitrarily refuse it."

In our opinion the trial court was in error in failing to grant plaintiffs specific performance by

the land contract. A decree will be entered herein accordingly. Plaintiffs may recover costs.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUT-ZEL, and CARR, JJ., concurred.