## LARSON v. PITTMAN.

1. VENDOR AND PURCHASER—LAND CONTRACT—SUMMARY JUDGMENT.
    Summary judgment by trial court for plaintiff in suit to accelerate and forfeit land contract, where defendants made a payment with a bad check, neglected to pay taxes for two years, and the contract contained an acceleration clause *held*, proper.

2. SAME—FORFEITURE OF LAND CONTRACT—SUMMARY JUDGMENT.
    Plaintiff is entitled to a summary judgment in summary proceedings for forfeiture of an accelerated land contract, where breach of contract is not in dispute, plaintiff has accelerated and declared the full balance due, and defendants have failed to state a valid defense to the claim asserted against them (GCR 1963, 117.2[2]).

3. SAME—LAND CONTRACT—ACCELERATION CLAUSE.
    Acceleration clauses in land contracts which provide that in the event of default the seller shall have the right to declare the unpaid balance to be due and payable forthwith are valid and enforceable and are not against public policy, although they may be harsh.

4. SAME—SUMMARY PROCEEDINGS—LAND CONTRACT FORFEITURE—DISCRETION OF COURT—BREACH OF CONTRACT.
    There is no discretion in a trial court in a summary proceeding for forfeiture of a land contract, where a breach therein is not in dispute and the parties have, by the terms of the land contract, provided for acceleration upon default.

5. JUDGMENT—SUMMARY JUDGMENT—PLEADINGS—AFFIDAVITS.
    Summary judgment should be granted forthwith if the pleadings show that a party is entitled to a judgment as a matter of law or if the affidavits or other proof show there is no genuine issue as to any material fact (GCR 1963, 117.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 55 Am Jur, Vendor and Purchaser §§ 340, 438 *et seq.*
[4, 5] 41 Am Jur, Pleading § 340 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 1053.

6. APPEAL AND ERROR—DAMAGES—STAY OF EXECUTION.

> The Court of Appeals does not determine damages for rental
> value of premises upon which summary proceeding to recover
> possession has resulted favorably to plaintiff vendors, such
> matter being determinable on remand to circuit court and to
> be made pursuant to its order fixing bond for stay of execution
> and the bond subsequently filed.

Appeal from Kent; Hoffius (Stuart), J.   Submitted Division 3 February 9, 1966, at Grand Rapids. (Docket No. 437.)   Decided May 24, 1966.   Rehearing denied July 15, 1966.

Complaint by Rosalind Bolt Larson, Frederick W. Poel, and Margaret M. Poel against Yvette H. Pittman, Nellie M. Baldwin, and Alphonse Lewis, Jr., to accelerate and forfeit a land contract before circuit court commissioner. Defendants appealed to circuit court. Summary judgment for plaintiffs. Defendants appeal. Affirmed.

*Frederick W. Poel,* for plaintiffs.

*Alphonse Lewis, Jr.,* for defendants.

McGREGOR, J.   This is an appeal from a summary judgment entered by the circuit court on motion of the plaintiffs, which upheld the acceleration and forfeiture of a land contract by a circuit court commissioner. The parties had entered into a land contract which, among other conditions, required the vendees to pay taxes before the same became subject to penalties. At the pretrial conference in the circuit court, the land contract, the receipt for taxes paid by the vendors, and the vendees' insufficient funds check tendered vendors for a monthly payment were received in evidence.

Plaintiffs-vendors, after the pretrial conference, filed a motion for summary judgment, supported by affidavit of nonpayment of 1962 and 1963 taxes paid

by the vendors, and in addition, that vendors had received a not sufficient fund check in the amount of $100 from the vendees. Answer to said motion for summary judgment was a sworn statement admitting the 1962 taxes were paid by the vendors and did not deny that the vendees' not sufficient fund check had been returned to the vendors, but claimed that the vendees had funds on deposit. Defendants-vendees further alleged that they had made substantial improvements on the property, that the circuit court had discretion to determine the question of default, the amount thereof, the right of acceleration, and that the failure of the trial court to exercise such discretion was error.

The opinion of the circuit court judge granting the plaintiffs' motion for summary judgment found, in part, "that defendants' check No. 969 dated May 4, 1964, was deposited on May 8, 1964, and returned by the bank for insufficient funds, which is contrary to the matters set forth in defendant's affidavit * * * that the 1962 and 1963 taxes were paid on June 2, 1964, by plaintiffs, and whether paid for the purpose of starting suit or for any other reason, were nevertheless paid, notwithstanding the fact that it was defendants' obligation under the contract to pay such taxes. * * * The contract did contain an acceleration clause and plaintiffs had the option to accelerate same * * * and have elected to do so. Defendants cannot claim the right to trial solely for the purpose of appealing to the court for discretion. Judgment may, therefore, be entered for the plaintiffs, no valid defense having been offered and no genuine issue having been raised as to any material fact."

The record sustains the findings of the trial judge.

In the circuit court order fixing the bond for stay of execution, dated August 6, 1965, is the fol-

lowing provision: "That said bond be conditioned that the defendants pay the rental value of said premises during the period that the proceedings are stayed as determined by the court after appeal."

Is plaintiff entitled to a circuit court summary judgment in summary proceedings for forfeiture of an accelerative land contract where breach of contract is not in dispute, plaintiff having accelerated and declared the full balance due, as provided in the contract? GCR 1963, 117.2(2) provides that the motion for summary judgment may be made upon grounds that the opposing party has failed to state a valid defense to the claim asserted against him.

In *Brody* v. *Crozier* (1928), 242 Mich 660, 661, which was a suit to foreclose a land contract, the Supreme Court approved acceleration, although the defendants claimed acceleration was inequitable, invalid, and unenforceable. The Supreme Court, in a unanimous opinion, said:

"Counsel for defendant contends that the accelerative provision is inequitable, invalid, and unenforceable. The provision is harsh, but a part of the contract, and is not outlawed by public policy nor invalid or unenforceable. It was probably unwise for defendant to so place his interest in the property at the mercy of the plaintiff, but we are powerless to extend to him anything more than commiseration."

Another Supreme Court holding in a comparable situation said:

"The contract contained an acceleration clause which provided that in the event of default the seller shall have the right to declare the unpaid balance to be due and payable forthwith. These clauses, while harsh, are valid." *Young* v. *Zavitz* (1961), 365 Mich 354, 358.

There is no discretion in a trial court in a summary proceeding for forfeiture of a land contract where a breach therein is not in dispute and the parties have, by the terms of the land contract, provided for acceleration upon default.

"A motion for summary judgment should be granted forthwith if the pleadings show that a party is entitled to a judgment as a matter of law or if the affidavits or other proof show there is no genuine issue of fact." *Dionne* v. *Pierson Contracting Company* (1965), 2 Mich App 134. (*Syllabus* 1.)

This Court does not make a determination of damages for rental value. This is a matter of circuit court determination. We affirm the judgment of the lower court in granting a summary judgment, and this matter is remanded to the lower court to make a determination of appellees' damages in accordance with the provisions of that court's order dated August 6, 1965, and the subsequent bond filed therein. Costs to appellees.

HOLBROOK, P. J., and BURNS, J., concurred.