## WINDORF v FERRIS

Docket No. 86194. Submitted May 20, 1986, at Detroit. Decided August 19, 1986.

Plaintiffs, Paul Windorf, Helen Windorf, and Andrew C. Sepesi, sold real property to defendants, Thomas Ferris and Stella Ferris, on a land contract. Under the terms of the contract, defendants were required to pay property taxes to the taxing authority when due and show proof of such payment upon plaintiffs' request. Plaintiffs instituted foreclosure proceedings in the Macomb Circuit Court, alleging breach of contract based on defendants' failure to pay overdue property taxes and waste. The circuit court, John G. Roskopp, J., granted summary judgment in favor of plaintiffs, who argued that no material factual issues existed and that they were entitled to judgment as a matter of law, based on defendants' nonpayment of taxes. Defendants appealed, contending that the grant of summary judgment was improper since sufficient questions of fact existed relating to the payment of taxes .

The Court of Appeals *held:*

1. Defendants' assertion that plaintiffs' failure to object to their proposal to delay the payment of the taxes in question constituted acquiesence to their actions, thus estopping plaintiffs from using the delayed tax payments as a basis for foreclosure, did not raise a sufficient question of material fact to defeat plaintiff's motion for summary judgment.

2. Under the terms of the parties' land contract, plaintiffs had the option of paying the overdue property taxes and adding the sum to the unpaid balance or insituting foreclosure proceedings and accelerating the unpaid balance upon defendants' failure to pay the taxes.

3. The institution of foreclosure proceedings was sufficient notice that plaintiffs had elected to exercise the right to accelerate the land contract based on defendants' breach for failure to pay the taxes.

Affirmed.

REFERENCES

Am Jur 2d, Vendor and Purchaser §§ 404 *et seq.*

See the annotations in the Index to Annotations under Sale and Transfer of Property; Vendor's Lien.

1. Vendor and Purchaser — Land Contracts — Tax Delinquency.

Taxes imposed on real property, for purposes of determining whether a purchaser on a land contract is in breach of the contract for nonpayment of property taxes, are not past due until they are delinquent; delinquency commences when the taxing authority may first impose a penalty for late payment.

2. Vendor and Purchaser — Land Contracts — Acceleration — Foreclosure — Taxes.

A seller of real property may either pay any overdue property taxes not paid by the purchaser and add the amount to the unpaid balance of the contract or invoke the acceleration clause and seek foreclosure, where the terms of the land contract expressly provide for such choice of alternative action by the seller upon the purchaser's default by nonpayment of property taxes.

3. Vendor and Purchaser — Land Contracts — Acceleration.

Acceleration clauses in land contracts are valid and enforceable.

4. Vendor and Purchaser — Land Contracts — Foreclosure — Notice.

The institution of foreclosure proceedings is sufficient notice that the seller of property by land contract has elected to exercise the right to accelerate payment of the remaining balance; no prior notice of the intent to foreclose is necessary.

*Kramer & Murray, P.C.* (by *Thomas V. Barr*), for plaintiffs.

*De Moss & Thompson* (by *Frederick J. Thompson*), for defendants.

Before: MacKenzie, P.J., and Beasley and C. W. Simon, Jr.,* JJ.

Per Curiam. Defendants appeal as of right from an order granting summary judgment to plaintiffs, based upon defendants' failure to pay real estate taxes upon property purchased on a land contract. We affirm.

Defendants purchased the property on a land

---

* Circuit judge, sitting on the Court of Appeals by assignment.

contract from plaintiffs in 1981. Under the terms of the contract, defendants were required to pay taxes to the taxing authority when due and show proof of such payment upon plaintiffs' request. Defendants delayed paying the taxes and, on October 12, 1984, plaintiffs filed a complaint to foreclose the contract, alleging default in payment of overdue property taxes and waste.

On February 18, 1985, plaintiffs filed a motion for summary judgment, pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10). The amount of overdue taxes was not disputed. On May 7, 1985, after oral argument on plaintiffs' motion, summary judgment was granted on the basis of defendants' nonpayment of taxes. On appeal, defendants contend that summary judgment was improper since sufficient questions of fact relating to the payment of taxes existed to defeat the motion.

Defendants first argue that their reliance on the plaintiffs' silence with regard to delaying the payment of real estate taxes raised a sufficient question of fact to defeat a motion of summary judgment. We disagree. Ordinarily, a subsequent modification of a contract for the sale of land must be in writing to be legally enforceable. MCL 566.108; MSA 26.908; *Schultz v Silver,* 323 Mich 454; 35 NW2d 383 (1949). Defendants do not assert a legally enforceable modification to the contract. At some point after entering into the contract, defendants discussed with plaintiff Andrew Sepesi the possibility of delaying the payment of taxes. No written modification to the original contract resulted from this discussion. No consideration for plaintiffs forebearance was offered or accepted. There is no claim that plaintiffs ever consented to the suggested modification; their assent was a necessary condition precedent to a valid contract setting aside the provisions of an expressed writ-

ten contract. *Johnson v Douglas,* 281 Mich 247, 256; 274 NW 780 (1937).

On appeal, defendants assert only that plaintiffs' failure to object to their proposal constituted acquiescence to their actions, thus estopping plaintiffs from using the delayed tax payments as a basis for foreclosure. In support, defendants point to a general rule of estoppel found in *Thompson v Enz,* 385 Mich 103, 108; 188 NW2d 579 (1971). However, *Thompson* did not involve a foreclosure action nor any alleged modification of a written contract.

We conclude that defendants' delayed payment of taxes, an alleged "reliance" upon plaintiffs' failure to object, does not raise a sufficient question of material fact to defeat a motion for summary judgment. Defendants provide no basis for a legally enforceable modification. They assert no writing, mutual assent, or consideration to support their allegation. Nor do the facts support a finding of estoppel. There was no evidence of plaintiffs' assent to the delay, nor of any benefit to plaintiffs arising from defendants' actions. We, therefore, affirm the trial court on this issue.

We must next decide whether a failure to pay property taxes is a default sufficient to invoke the acceleration clause under the terms of a land contract. In granting summary judgment for plaintiffs, the lower court relied on *Bishop v Brown,* 118 Mich App 819; 325 NW2d 594 (1982). In *Bishop,* the Court was presented with facts similar to those in the instant case. The plaintiffs sought to foreclose the land contract, alleging that the defendants' failure to pay certain taxes and failure to make timely payment to the plaintiffs constituted default. This Court found that the defendants' failure to pay amounts owed directly to the plaintiffs was dispositive, but, in dicta, addressed the

tax question. This Court stated that, for purposes of determining breach of contract, taxes are not past due until delinquent and that delinquency commences when the county treasurer may first impose a penalty for late payment. *Bishop, supra,* p 826. In addition, this Court stated that a provision in the contract allowing the plaintiff to pay any overdue tax and add the amount to the unpaid balance on the contract was not an exclusive remedy. Where the contract terms also provided for acceleration and foreclosure upon default, plaintiff could exercise either one of these remedies at his option. *Bishop, supra,* pp 827-828. The parties here do not dispute that the taxes were past due. Thus, for purposes of this issue we may assume that defendants were in breach.

Defendants correctly point out that the pertinent language of *Bishop* is dicta, however, the lower court was free to apply the conclusions of *Bishop* to these facts, there being no definitive precedent to the contrary. There is no basis for defendants' assertions that in *Bishop* the Court failed to construe the contract as a whole, failed to construe any ambiguous terms against the drafting party, or failed to take into account the intent of the parties.

The pertinent clauses of the contract at issue are 3(c) and 3(g). Clause 3(c) provides:

> (c) That if default is made by the Purchaser in the payment of any taxes, assessments or insurance premiums, or in the payment of the sums provided for in Paragraph 2(e), or in the delivery of any policy as herein before provided, the Seller may pay such taxes or premiums or procure such insurance and pay the premium or premiums thereon, and any sum or sums so paid shall be a further lien on the land and premises, payable by the purchaser to the seller forthwith with interest

at the same delinquent rate applicable as set forth in Paragraph 1(b) hereof.

Clause 3(g) provides:

> "(g) If default is made by the Purchaser and such default continues for a period of forty-five days or more, and the Seller desires to foreclose this contract in equity, then the seller shall have at his option the right to declare the entire unpaid balance hereunder to be due and payable forthwith, notwithstanding anything herein contained to the contrary.

As in *Bishop,* the clause pertaining to payment of taxes provides that upon default the seller *may* pay such taxes and add the sum to the unpaid balance. However, as in *Bishop,* we construe the clause as giving plaintiffs the option to pay the taxes or to foreclose and accelerate the unpaid balance upon default. In *Bishop,* the delayed payment of taxes constituted default. We agree with that result and hold that defendants' failure to pay property taxes was a default sufficient to invoke the acceleration clause under the terms of the parties' land contract.

Under MCL 600.3101; MSA 27A.3101, circuit courts have the jurisdiction to foreclose land contracts. Acceleration clauses in land contracts are valid and enforceable. *Larson v Pittman,* 3 Mich App 348; 142 NW2d 479 (1966). The institution of foreclosure proceedings is sufficient notice that the seller has elected to exercise the right to accelerate. No prior notice of the intent to foreclose is necessary. *Dumas v Helm,* 15 Mich App 148, 151; 166 NW2d 306 (1968).

In summary, we hold that the trial court did not err in granting summary judgment to plaintiffs. Defendants' failure to pay the property taxes

which were due was a default sufficient to invoke the acceleration clause of the parties' land contract. The institution of foreclosure proceedings was sufficient notice that the seller had elected to exercise the right to accelerate.

Affirmed.