*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LOUISE K. VAN SLOOTEN REVOCABLE
LIVING TRUST.

---

GARY J. DEVRIES, Trustee of the LOUISE K.
VAN SLOOTEN REVOCABLE LIVING TRUST,

        Plaintiff-Appellee,

v

JDB PROPERTY DEVELOPMENT, LLC, and
JERRY BRENNER,

        Defendants-Appellants.

UNPUBLISHED
October 22, 2019

No. 345908
Ottawa Probate Court
LC No. 17-063927-CZ

---

*In re* MARION VAN SLOOTEN TRUST.

---

HUNTINGTON NATIONAL BANK, Trustee of
the MARION VAN SLOOTEN TRUST,

        Plaintiff-Appellee,

v

JDB PROPERTY DEVELOPMENT, LLC, and
JERRY BRENNER,

        Defendants-Appellants.

No. 345909
Ottawa Probate Court
LC No. 17-063928-CZ

---

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

-1-

In Docket No. 345908, defendants JDB Property Development, LLC, and Jerry Brenner appeal by right the probate court's order granting summary disposition in favor of plaintiff Gary J. DeVries, trustee of the Louise K. Van Slooten Revocable Living Trust, on his contract claims for the balance owing on a promissory note associated with the sale of real property. In Docket No. 345909, JDB and Brenner appeal by right the probate court's order granting summary disposition in favor of plaintiff Huntington National Bank, trustee for the Marion Van Slooten Trust, on its contract claims for the balance owing on a promissory note related to the sale of adjacent real property. JDB was the promisor party with respect to the notes, and Brenner personally guaranteed JDB's payment on the notes. These cases concern the issue as to whether the governing six-year statute of limitations elapsed on the contract claims based on an accrual date measured by the date that balloon or final payments were due under the promissory notes or whether the causes of action accrued at a later date predicated on oral modification of the notes that extended the time for payment, resulting in the claims' falling within the period of limitations. We hold that the oral modification of the promissory notes was valid and enforceable and also effectively extended Brenner's guarantee agreements. Consequently, because the claims accrued when the notes and contracts, *as modified*, were breached, plaintiffs' contract claims were timely filed. We affirm.

These cases arise from the sale in 2003 of two adjacent parcels of land in Port Sheldon Township. JDB was specifically created by Brenner and his brother Douglas for the purpose of acquiring the properties, subdividing them, and then developing residential lots for sale. One of the parcels was owned by the Marion Van Slooten Trust, and the other was owned by the Louise K. Van Slooten Revocable Living Trust.[1] Brenner, as agent for JDB, signed two promissory notes—one for each parcel payable to the respective trusts. The promissory notes required annual payments of principal and interest starting in March 2003 and ending in March 2010 with balloon or final payments being made. Acting in an individual capacity, Brenner executed personal guaranty agreements with respect to both notes. In 2004, the trusts discharged the mortgages, although the notes remained outstanding.

Brenner and Louise Van Slooten met in 2009 to discuss alternative payment options because JDB was experiencing serious financial difficulties at the time. An agreement was reached that annual interest-only payments would be made until all of the residential lots in the development were sold. In Brenner's deposition, he testified as follows:

> *Q*. What you just described of paying interest only until you got through the sale of all the lots, is that what the agreement was?
>
> [objection raised to characterization of agreement]
>
> *Q*. Well, was there an agreement?

---

[1] Marion and Louise Van Slooten were married. Upon Marion's death in 1998, Louise became trustee of Marion's trust. When Louise passed away in 2017, Huntington became the trustee of Marion's trust, but DeVries became trustee of Louise's trust.

*A*. A verbal agreement, yes.

*Q*. Yeah. Okay. And is that what the verbal agreement was, interest only until all the lots sold?

*A*. Yes. Along with any assessments, taxes or any other thing that kept the property free and clear from liens.

Consistent with the oral agreement, JDB made annual interest-only payments through March of 2016. Louise died in February 2017, and JDB did not make the required March 2017 payments. Payment was demanded from JDB and Brenner, but defendants failed to pay.

The lawsuits were filed in September 2017, with each complaint alleging two counts of breach of contract, one as to JDB and one in regard to Brenner, and two counts of unjust enrichment, similarly divided. Brenner moved for summary disposition under MCR 2.116(C)(7) and (10) in both cases, arguing that plaintiffs' claims were time-barred by the six-year statute of limitations in MCL 440.3118(1). Brenner maintained that full payment by JDB on the promissory notes was due in March 2010, that JDB failed to make full payment, and that plaintiffs did not file their civil actions until September 2017. Plaintiffs filed competing motions for summary disposition pursuant to MCR 2.116(C)(10), contending that there was no genuine issue of material fact that defendants had breached the modified promissory notes and guaranty agreements. With respect to Brenner's statute of limitations defense, plaintiffs responded that the oral modification of the contracts and subsequent breaches thereof resulted in the accrual dates being bumped from 2010 to 2017. The probate court denied Brenner's motions for summary disposition and granted plaintiffs' motions, concluding that JDB breached the promissory notes by failing to make the March 2017 payments, that Brenner failed to perform under the guaranty agreements in March 2017 upon JDB's breaches, and that the complaints filed in September 2017 were well within the period of limitations. In two written opinions, the court noted that the two trusts "and JDB orally agreed to modify the note[s] such that henceforward, the payments thereon would consist of interest only." DeVries was awarded $246,678, covering the outstanding balance on the note, interest, taxable costs, and attorney fees. Huntington was awarded $265,357, encompassing the balance owed on the second note, interest, taxable costs, and attorney fees. Defendants appealed by right in both cases, and this Court consolidated the appeals. *In re Louise Van Slooten Revocable Living Trust; In re Marion Van Slooten Trust*, unpublished order of the Court of Appeals, entered October 24, 2018 (Docket Nos. 345908 & 345909).

This Court reviews de novo a trial court's ruling on a motion for summary disposition, *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011), and the legal questions as to whether a claim is barred by a period of limitations, *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003), and whether a modified contract existed, see *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2007). A motion brought pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, __ Mich __, __; __ NW2d __ (2019); slip op at 7. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id.* A court may only grant the motion when "there is no genuine issue as to any material fact, and the moving party is entitled

to judgment or partial judgment as a matter of law." MCR 2.116(C)(10); see also *El-Khalil*, __ Mich at __; slip op at 7. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). For purposes of MCR 2.116(C)(10), a trial court is not allowed to weigh the evidence, assess credibility, or resolve factual disputes. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10)." *Id.* "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994).

MCR 2.116(C)(7) provides for summary dismissal of an action when it is barred by a "statute of limitations." With respect to motions for summary disposition brought pursuant to MCR 2.116(C)(7), this Court in *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), observed:

> Under MCR 2.116(C)(7) . . ., this Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.]

On appeal, the parties agree that a six-year period of limitations applies. A six-year statute of limitations specifically regarding promissory notes is found in MCL 440.3118(1), which provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within 6 years after the due date or dates stated in the note . . . ." MCL 600.5807(9) provides that "[t]he period of limitations is 6 years for an action to recover damages or money due for breach of contract . . . ." MCL 600.5807(9) governed the guaranty agreements. See *Diversified Fin Sys, Inc v Schanhals*, 203 Mich App 589, 591-592; 513 NW2d 210 (1994) (applying six-year period of limitations in MCL 600.5807 to "guarantors of a promissory note" and indicating that "[c]ontracts of guaranty are not negotiable instruments").[2] Additionally, there can be no dispute that JDB breached the promissory notes, whether as originally executed or as modified in 2009.

---

[2] Defendants complain that the trial court did not cite MCL 440.3118(1) regarding promissory notes and instead relied solely on MCL 600.5807. But the summary disposition motion was brought solely by Brenner on the guaranty agreements, not JDB under the promissory notes. Regardless, either way, a six-year statute of limitations applied.

In pertinent part, MCL 600.5827 provides that "the period of limitations runs from the time the claim accrues . . . [and] the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." "For a breach of contract action, the limitations period generally begins to run on the date that the breach occurs." *Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC v Bakshi*, 483 Mich 345, 355; 771 NW2d 411 (2009).

As noted by plaintiffs, defendants' position in the probate court was that JDB could not assert the statute of limitations as a defense because it had made a payment to the trusts after expiration of the period of limitations.[3] Indeed, it was solely Brenner who sought summary disposition with respect to plaintiffs' contract claims. JDB never argued that the contract claims on the promissory notes were time-barred. Accordingly, to the extent that JDB argues that the statute of limitations barred plaintiffs' suits against JDB, its argument lacks merit because it is contrary to the stance proffered in the probate court. "A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Living Alternatives for the Developmentally Disabled, Inc v Dep't of Mental Health*, 207 Mich App 482, 484; 525 NW2d 466 (1994).

Nevertheless, the 2009 oral agreement between Louise Van Slooten and Brenner constituted a valid and enforceable modification of the promissory notes. First, there was language in each promissory note reflecting anticipation of possible future modifications, including the language that the parties "expressly agree[] that this Note, or any payment on this Note, may be extended from time to time . . . ."

Furthermore, the personal guaranty agreements executed by Brenner also contemplated extensions of and modifications to the promissory notes and which were to be honored by guarantor Brenner as follows:

> **No Impairment of Guaranty**. The validity and enforceability of this Guaranty shall not be impaired or affected by any of the following with respect to all or part of the Indebtedness or any agreement relating thereto or with respect to any security for all or part of the Indebtedness: (i) any extension, modification, renewal, indulgence, or substitution; (ii) any failure or omission to enforce any right, power, or remedy; (iii) any waiver of any rate, power, or remedy or of any default; (iv) any release, surrender, compromise, settlement, subordination, or modification, with or without consideration; (v) the unenforceability or invalidity thereof; or (vi) any consent by Lender or any sale or transfer of any security; all

---

[3] "[A] partial payment restarts the running of the limitation period unless it is accompanied by a declaration or circumstance that rebuts the implication that the debtor by partial payment admits the full obligation." *Yeiter v Knights of St Casimir Aid Society*, 461 Mich 493, 497; 607 NW2d 68 (2000). "Part payment even after the bar of the statute of limitations is complete revives the balance of the debt." *Id.* at 497 n 6.

whether or not the undersigned shall have had notice or knowledge of any act, omission, or circumstance referred to in this Paragraph.[4]

Although it did not elaborate, the probate court impliedly accepted the view that the promissory notes had been modified by the oral agreement. There is no genuine issue of material fact that Brenner and Louise Van Slooten agreed in 2009 to modify the notes' payment schedules—JDB would make interest-only payments until the rest of the subdivided lots were sold. And, consistent with the modified agreements, JDB made annual interest-only payments until March 2017.

"[P]arties to a contract are free to *mutually* waive or modify their contract." *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 364; 666 NW2d 251 (2003). The modification of the contracts was subject to MCL 566.1, which effectively requires a contractual alteration to either be in writing or be supported by consideration:

> An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or other security interest in personal or real property, shall not be invalid because of the absence of consideration: Provided, That the agreement changing, modifying, or discharging such contract, obligation, lease, mortgage or security interest shall not be valid or binding unless it shall be in writing and signed by the party against whom it is sought to enforce the change, modification, or discharge.

Here, it is undisputed that the modification of the agreements was not in writing; consequently, the modification had to be supported by consideration. See *Scholz v Montgomery Ward & Co, Inc*, 437 Mich 83, 90 n 7; 468 NW2d 845 (1991) (contract modification did not fail for lack of consideration because it was in writing); *Zurcher v Herveat*, 238 Mich App 267, 299-300; 605 NW2d 329 (1999) (modification of purchase agreement "had to be in writing or supported by consideration in order to be enforceable"); *Windorf v Ferris,* 154 Mich App 201, 203; 397 NW2d 268 (1986) (alleged oral agreement regarding the payment of real estate taxes was not legally enforceable because there was no written modification, nor consideration given); *Minor-Dietiker v Mary Jane Stores of Mich, Inc*, 2 Mich App 585, 590; 141 NW2d 342 (1966) (consideration distinct from underlying contract can suffice to make an oral modification of a lease enforceable). "To have consideration there must be a bargained-for exchange." *Gen Motors Corp v Dep't of Treasury, Revenue Div*, 466 Mich 231, 238; 644 NW2d 734 (2002). Consideration exists "if the promisee in return for a promise does anything legal which he is not bound to do or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not." *Stott v Stott*, 258 Mich 547, 552; 242 NW 747 (1932). "There must be a benefit on one side, or a detriment suffered, or service done on the other." *Gen Motors Corp*, 466 Mich at 238-239 (quotation marks omitted.) "Courts do not generally inquire into the sufficiency of consideration[.]" *Id*. at 239. "Under the preexisting duty rule, it is well settled that doing what one is legally bound to

---

[4] A contract of guaranty is to be construed like any other contract. *Comerica Bank v Cohen*, 291 Mich App 40, 46; 805 NW2d 544 (2010).

do is not consideration for a new promise." *46th Circuit Trial Court v Crawford Co*, 476 Mich 131, 158; 719 NW2d 553 (2006) (quotation marks omitted).

We conclude that the modification of the promissory notes was supported by adequate consideration. Plaintiffs promised to refrain from demanding full payment and pursuing collection and litigation against JDB for a prospective 2010 default that was imminent, giving JDB the benefit of more time to make full payment and to avoid default, collections, and a money judgment. In exchange, JDB promised to make annual interest-only payments for as long as it took to sell the lots. Defendants argue that JDB was already obligated to pay interest pursuant to the original promissory notes; therefore, there was a preexisting duty with respect to interest payments that could not be characterized as new "consideration." The original notes signed in 2003 promised plaintiffs a maximum of 6% interest with final payment due on March 5, 2010. Under the modified agreements, however, plaintiffs would have the opportunity to collect *additional* interest, potentially for an extended period of time. Accordingly, we conclude that there was sufficient consideration to support the modification of the promissory notes. And therefore, despite the absence of a writing, the modification was valid and enforceable. Moreover, with the modification and extension of the promissory notes came an equivalent modification and extension of the personal guaranty agreements, as contemplated by the express language in the two guaranty contracts and supported by law. See *Diversified Fin*, 203 Mich App at 592 ("We also find acceleration of the note triggered the running of the period of limitation with regard to the guaranty contracts.").

Defendants argue that MCL 440.3118(1) required the complaints to be filed within six years after the "due date or dates stated in the note," which here was 2010. This argument lacks merit because it fails to recognize the valid 2009 oral modification of the promissory notes. Under defendants' proffered theory, the due date in an original promissory note would always govern the accrual of a cause of action regardless of any undisputed modifications of the note as to its due date. This proposition lacks legal support.

Defendants next devote a great deal of time to the argument that the oral modification was too indefinite to be enforceable and that the trial court failed to explain or articulate the terms of the modification. The terms of the oral modification called for annual interest-only payments until all of the residential lots were sold. The necessary corollary or implication is that full payment on the promissory notes would be due when all of the lots were sold. Other than these changes, the language in the original notes remained applicable. The oral modification was sufficiently definite to address the dire economic circumstances confronting defendants in 2009. We cannot emphasize enough that defendants acted in conformity with the oral modification for several years.

Additionally, defendants, citing in part MCL 600.5825,[5] argue that JDB's partial payments and conduct after the statute of limitations expired in 2016, as measured from 2010,

---

[5] MCL 600.5825 provides:

> (1) In actions commenced against 2 or more joint obligators, or joint executors or administrators of any contractor, if it is shown that the plaintiff's

-7-

did not revive Brenner's guaranty agreements or toll the statute of limitations as to Brenner. Given our conclusion that there was a valid modification of the notes, thereby altering the accrual date for the contract actions, we need not address whether JDB's conduct or payments in 2016 revived the debts for purposes of examining the statute of limitations. Furthermore, to the extent that defendants are arguing under MCL 600.5825 that the oral modification solely bound JDB and not Brenner, we find the argument lacks merit. First, Brenner reached the oral agreement with Louise Van Slooten without any indication that he was doing so solely as an agent of JDB and not in an individual capacity. Moreover, as discussed above, the guaranty contracts specifically provided that the validity and enforceability of the guaranty would not be impaired by any extension or modification of the related underlying promissory notes. Reversal is unwarranted.

Finally, considering the foregoing, defendants' additional argument that the oral modification of the agreements was illusory also lacks merit. An illusory contract is an agreement in which one party makes a promise as consideration that is so insubstantial as to impose no obligation, with the insubstantial promise rendering the agreement unenforceable. *Ile v Foremost Ins Co*, 293 Mich App 309, 315-316; 809 NW2d 617 (2011), rev'd on other grounds 493 Mich 915 (2012). Given that there was sufficient consideration supporting the modified contracts and that the modification did not suffer from indefiniteness, there was nothing illusory about the modification.

In sum, we conclude that the breaches of the modified contracts occurred in March 2017 when JDB failed to make its annual interest-only payments and Brenner ignored demands to comply with the guaranty agreements. Thus, the causes of action accrued in March 2017, and plaintiffs filed their complaints in September 2017, falling well within the six-year period of limitations. Accordingly, we hold that plaintiffs' contract claims were not time-barred and that

---

action is barred by the period of limitations as to 1 or more of the defendants but that the plaintiff is entitled to recover against any of the other defendants because of a new acknowledgment, or promise, or for any other reason, then judgment shall be given in favor of the plaintiff against those defendants from whom he is otherwise entitled to recover and against the plaintiff as to those defendants in whose favor the period of limitations has run.

(2) If there are 2 or more joint obligors or joint executors or joint administrators of any obligor, no one of them shall lose the benefit of the provisions of this chapter so as to be chargeable because of any acknowledgment or promise made or signed by any of the others.

(3) If there are 2 or more joint obligors, or joint executors or joint administrators of any obligor, no one of them shall lose the benefit of the provisions of this chapter so as to be chargeable merely because of any payment made by any of the others.

plaintiffs were entitled to summary disposition on those claims under MCR 2.116(C)(10). The trial court did not err in its rulings.

We affirm. Having fully prevailed on appeal, plaintiffs are awarded taxable costs under MCR 7.219.

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra