MASSI *v.* LAVINE.

Cancellation of Instruments—Equity—Clean Hands.
  A bill to cancel a deed alleged to have been made by complainant to defendant conveying property worth $2,500 to avoid a liability of $115 is properly dismissed, it appearing that complainant was accustomed to business affairs, and there being no fiduciary relation between the parties.

Appeal from Houghton; Streeter, J. Submitted January 18, 1905. (Docket No. 70.) Decided February 27, 1905.

Bill by August Massi and another against Morris Lavine and another for the cancellation of a deed. From a decree dismissing the bill, complainants appeal. Affirmed.

The purpose of this suit is to obtain the cancellation of a deed made by complainants to defendant Morris Lavine. Complainants' claim is: That Mr. Massi was one of the sureties upon the bond of one Mrs. Lamorand as administratrix, the bond being in the sum of $500. That he received a letter from a firm of lawyers saying that:

" She [the administratrix] has not gone ahead with this estate and has not paid our client's claim. If she does not do so, of course we will fall back on the bondsmen for payment of the same, and we thought it would be for your interest for us to write this letter, and notify you that we expect to collect this claim in full. Kindly let us hear from you what Mrs. Lamorand intends to do."

That defendant Morris read this letter, and told the complainants that they should transfer this property to some one else, or they would have trouble, and would surely lose their property. That they were finally induced by defendant Morris to deed the property to him, upon his promise to deed it back after the trouble was over. That the consideration was $2,500. That it was agreed that $1,000 should be considered paid, whereas in fact nothing was paid; that three notes, of $500 each, running from one to three years, should be given by the defendant Morris to the complainant. That the transaction was carried out, and the deed executed and delivered. That complainant August tendered back the notes, and demanded the execution of a deed from defendants, and that they refused. The claim of the defendant Morris is that the sale was a bona fide transaction; that he paid $600 in cash at the time of the execution of the deed; that the property was subject to a mortgage of $200, which he assumed; that complainant August owed him $200, which was canceled as a part of the consideration; that soon after the transaction complainant wanted money, and it was agreed

that, if Mr. Lavine would pay Mr. Massi $1,200 for the notes, they should be surrendered; that defendant raised the money, paid it to complainant, and received the notes, which he destroyed. The case was heard upon pleadings and proofs taken in open court, and the bill dismissed.

*Louis N. Legris* (*P. H. O'Brien,* of counsel), for complainants.

*W. A. Burritt,* for defendants.

GRANT, J. (*after stating the facts*). The main issue of fact in the case is, Was the sale a bona fide one, and the consideration paid, or was the title transferred to assist the complainant August Massi to avoid the payment of a debt? Upon this the testimony was in direct conflict. There is no room to find that either is mistaken. Either the one or the other has committed perjury. Each has produced some corroborating evidence to support his version. We find it unnecessary to determine this controversy, as the case must be determined upon the complainants' own evidence.

No fiduciary or confidential relation existed between Mr. Massi and Mr. Lavine. They were dealing with each other at arm's length. They had had various business transactions together for some years. The land conveyed is conceded to be worth $2,500, the consideration expressed in the deed. The bond signed by Mr. Massi with another bondsman was for $500. He claims that he was threatened only with the payment of $115. This was contingent upon his principal, the administratrix, not performing her duty. The letter which he relies upon as containing the threat to enforce the claim against him only asked him to see that the administratrix performed her duty. He apparently took no steps to that end. He was accustomed to business affairs. He had 80 acres of land besides that involved in this suit, which he did not transfer. I can reach no other conclusion from his own testimony than that he conveyed this land, worth $2,500, to avoid a

liability of only $115. He does not come into court with clean hands, and equity will leave him in the bed he chose to make. Under his own testimony, he is not entitled to relief. The record does not justify a finding that this is a case where the stronger has overpowered the weaker, or the superior has taken advantage of the inferior, and by his persuasion and influence has procured an unlawful act to be done. The case falls within *Poppe* v. *Poppe*, 114 Mich. 649.

The decree is affirmed, with costs.

McALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.