### STOTT v. STOTT.

1. Corporations—Stockholders Have Community of Interest.
   Stockholders of corporation have community of interest in property owned by it.

2. Same—When Stockholders Can Perform Valid Acts.
   Stockholders of corporation can perform valid acts only when lawfully assembled in their representative capacity.

3. Same—Stockholder Has Right to Assume That Other Stockholders are Voting Honestly.
   Every stockholder has right to assume that every other stockholder is exercising independent and honest judgment on questions presented for them to vote on, and that none of them has been influenced by consideration paid to him for voting in particular manner.

On informality of meeting of stockholders as affecting action taken thereat, see annotation in 51 A. L. R. 941.

As to validity of agreement to control voting power of corporate stock, see annotation in 15 L. R. A. 683; 16 L. R. A. (N. S.) 1136; 31 L. R. A. (N. S.) 1186.

4. SAME—STOCKHOLDERS MAY AGREE TO VOTE TOGETHER LAWFULLY. Number of stockholders, before meeting, may agree to combine together to favor any particular policy or lawful action to be considered thereat, and, if they own majority of stock, minority may not, ordinarily, question their right to do so.

5. CONTRACTS—PUBLIC POLICY—STOCKHOLDER MAY NOT SELL HIS VOTE FOR PERSONAL CONSIDERATION. Contract by stockholder to cancel and deliver promissory note executed by another stockholder in consideration of latter's promise to vote for motion to loan corporation's money to another corporation in which they both were interested, *held*, void as against public policy.
POTTER, J., dissenting.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted January 6, 1932. (Docket No. 58, Calendar No. 35,821.) Decided June 6, 1932. Rehearing denied September 14, 1932.

Assumpsit by David E. Stott against Arthur F. Stott on a promissory note. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Thomas A. E. Weadock,* for plaintiff.

*Edward N. Barnard,* for defendant.

SHARPE, J. The defense to this action, brought to recover on defendant's promissory note, is based upon the claim that the defendant, at the solicitation of plaintiff, "agreed as a stockholder to vote in favor of a loan from the Stott Realty Company to the David Stott Flour Mills in the sum of $150,000," in which corporations both plaintiff and defendant were stockholders, in consideration of "plaintiff's promise to cancel and deliver" to defendant the promissory note in question; that he did so vote, and that plaintiff, although requested to do so, has failed to deliver the note to him.

The stockholders of a corporation have a community of interest in the property owned by it. They can perform valid acts only when lawfully assembled in their representative capacity. When so acting, every stockholder has the right to assume that every other stockholder is exercising an independent and honest judgment on the questions presented, and that none of them has been influenced by a consideration paid to him for voting in a particular manner. As was said in *West* v. *Camden,* 135 U. S. 507, 521 (10 Sup. Ct. 838), it was the right of the other stockholders "to have the defendant's judgment, as an officer of the company, exercised with a sole regard to the interests of the company." A number of stockholders, before a meeting, may agree to combine together to favor any particular policy or lawful action to be considered thereat, and, if they own a majority of the stock, the minority may not, ordinarily, question their right to do so.

But the question here presented is whether one stockholder, in order to obtain a vote of the majority of the stock, may, by the payment of a cash consideration to another, secure the vote of his stock in the manner desired by him. If the defendant believed that the action sought by the plaintiff was in the interest of the corporation, he should have assented to it. He apparently did not so consider it. His vote, cast as plaintiff desired, must be treated as influenced solely by the consideration he claims he was to receive therefor. In my opinion, if the contract, as claimed by him, was entered into, it was against public policy, and void.

In 2 Thompson on Corporations (3d Ed.), § 995, the right of stockholders to combine in a voting trust is considered at length. The following from *Smith* v. *Railway Co.,* 115 Cal. 584 (47 Pac. 582, 35 L. R. A. 309, 56 Am. St. Rep. 119), is quoted with approval:

"The stockholder cannot separate the voting power from his stock by selling his right to vote for a consideration personal to himself alone, any more than he could agree for the same consideration to cast the vote himself, and an agreement with others to appoint a proxy upon the same considerations would be equally invalid."

"A corporation holds its property in trust for its stockholders. The stockholders have a joint interest in the same property and in the same title. Community of interest in a common property or title imposes a community of duty and a mutual obligation to do nothing to impair either. It creates such a fiducial relation as makes it inequitable for any of those who thus share in the common property to do anything to or with it for their own profit, to the detriment of others who have the same rights." *Wheeler* v. *Abilene Nat'l Bank Bldg. Co.*, 89 C. C. A. 477, 479 (159 Fed. 391, 393, 16 L. R. A. [N. S.] 892, 14 Ann. Cas. 917).

The following decisions of this court, while not directly in point, are indicative of the rule which should be applied in this case:

"An agreement by two of the three stockholders of a corporation, who are also directors, that, in consideration of the purchase of stock, the vendee shall be employed as business manager for two years, and if at the end of that time he wishes to retire from the corporation they will repurchase his stock at a stated price, is void as against public policy, unless assented to by the other stockholder." *Wilbur* v. *Stoepel* (syllabus), 82 Mich. 344 (21 Am. St. Rep. 568).

"The execution of a contract between four of the directors and stockholders of several corporations, holding a majority of the stock in each, without the consent of other stockholders, for purposes of personal gain, containing provisions for the continued

employment of one of the contracting parties as manager at a fixed salary, and determining the business policy of the several corporations, is contrary of public policy, and may not be enforced specifically." *Scripps* v. *Sweeney* (syllabus), 160 Mich. 148.

The judgment is affirmed.

CLARK, C. J., and McDONALD, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred with SHARPE, J.

POTTER, J. (*dissenting*). Plaintiff sued defendant declaring on all the common counts in assumpsit, giving notice the cause of action was based upon a promissory note given by defendant to plaintiff December 21, 1923, for $3,460 with interest at 6 per cent. per annum. This promissory note constituted plaintiff's sole bill of particulars. Defendant pleaded the general issue and gave notice that for a valuable consideration plaintiff did release defendant from all liability on the note sued upon. Plaintiff moved for summary judgment. Defendant filed an affidavit of merits which set forth in substance that the consideration for the note sued upon was used to take up checks of the Detroit Milling Company in which both plaintiff and defendant were interested, and defendant, in consideration of plaintiff's promise to cancel the note in question and deliver the same to him, agreed to vote in favor of a loan by the Stott Realty Company to the David Stott Flour Mills Corporation of $150,000, so the plaintiff would not lose his interest therein, and defendant did so, and plaintiff now refuses to carry out his agreement. The court rendered summary judgment against defendant, who appeals. The only question is whether the agreement set forth in the affidavit of merits is good. If so, plaintiff is not entitled to summary judgment.

The question is, assuming defendant's affidavit of merits is truthful, whether the agreement alleged to have been made by him with plaintiff, whereby in consideration of the release of defendant from liability on his promissory note he agreed as a stockholder to vote in favor of a loan from the Stott Realty Company to the David Stott Flour Mills Corporation in the sum of $150,000, both plaintiff and defendant being stockholders in both said corporations; and plaintiff being fearful unless such loan could be made he would lose his interest in the David Stott Flour Mills Corporation, was a good and sufficient consideration for the release of defendant from liability on his note. Plaintiff contends such an agreement as is alleged in defendant's affidavit of merits is opposed to public policy and void. Defendant contends such an agreement is valid and binding. In order for such a contract as alleged by defendant in his affidavit of merits to be valid and binding, it must be based upon a consideration. There is a consideration if the promisee in return for a promise does anything legal which he is not bound to do or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not. 9 Cyc. pp. 312, 313; 13 C. J. p. 316.

The contract alleged by defendant is not invalid for want of consideration.

A corporation belongs to its stockholders. They own it. Shares of stock are only proportionate interests therein. Certificates of stock are evidence of fractional ownership. Those who own a corporation not only have a right to control its affairs, but it is their duty to do so. No stockholder or group of stockholders have a right to defraud any other stockholder or group of stockholders, nor will they

be permitted to take advantage of the corporation itself for their own personal benefit; but, subject to these restrictions, stockholders have a right to agree between themselves to vote together as a unit, to control and manage the affairs of a corporation, and such agreements are not contrary to public policy. 14 C. J. pp. 913, 914, and cases cited. If such an agreement is founded upon a sufficient consideration and is not opposed to public policy, the question is whether the affidavit of merits of defendant states facts sufficient to constitute a contract. Such affidavit alleges there were parties competent to contract, a subject-matter of the contract, a valid consideration, mutuality of agreement, and mutuality of obligation. These are said to be the essentials of a valid contract. We think the showing of defendant sufficient to entitle him to a trial and the entry of summary judgment was error. Judgment should be reversed, with costs, and case remanded.